UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON



FILED
MAY 30 2014
TERESA L. DEPPNER, CLERK
U.S. District Court
Southern District of West Virginia

UNITED STATES OF AMERICA

v.                                    CRIMINAL NO. 2:14-00110
                                      31 U.S.C. § 5324(a)(3)
                                      18 U.S.C. § 2
STEPHEN B. HERNDON


### I N F O R M A T I O N

The United States Attorney Charges:

On or about September 21, 2012, in Logan, Logan County, West Virginia, within the Southern District of West Virginia and elsewhere, defendant STEPHEN B. HERNDON, aided and abetted by Scott E. Ellis, did knowingly and for the purpose of evading the reporting requirements of section 5313(a) of Title 31, United States Code, and the regulations promulgated thereunder, structure, assist in structuring, and attempt to structure and assist in structuring, a transaction with Logan Bank and Trust ("LB&T"), a domestic financial institution, by writing a check in the amount of $9,800 that Scott E. Ellis cashed at LB&T from an account held in the name of American Electric, LLC at J.P. Morgan Chase bank.

In violation of Title 31, United States Code, Section 5324(a)(3); Title 31, Code of Federal Regulations, Sections 1010.100(t), 1010.311, and 1010.313; and Title 18, United States Code, Section 2.

## **FORFEITURE**

In accordance with 31 U.S.C. § 5317(c)(1) and Rule 32.2(a) of the Federal Rules of Criminal Procedure, and premised upon the conviction of the defendant STEPHEN B. HERNDON for a violation of 31 U.S.C. § 5324(a)(3) and 18 U.S.C. § 2, as set forth in Count One of the Information, the defendant shall forfeit to the United States any property, real or personal, involved in the offense and any property traceable thereto, including but not limited to the sum of $132,000, more or less, in United States currency involved in, or traceable to, the illegal structuring activity set forth more fully in Count One, for which sum the United States intends to seek the entry of a judgment.

**NOTICE OF INTENT TO FORFEIT SUBSTITUTE ASSETS**

If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred to, sold to, or deposited with a third person;

    c.    has been placed beyond the jurisdiction of the Court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property that cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 28 U.S.C. § 2461(c) and 21 U.S.C. § 853(p), to seek forfeiture of any other property of the defendant up to the value of said property listed above as being subject to forfeiture.

UNITED STATES OF AMERICA

R. BOOTH GOODWIN II
United States Attorney

By: _____
MEREDITH GEORGE THOMAS
Assistant United States Attorney

By: _____
THOMAS C. RYAN
Assistant United States Attorney