## IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF WEST VIRGINIA
## CHARLESTON

**UNITED STATES OF AMERICA**

v.  CRIMINAL NO. 2:14-00110

**STEPHEN B. HERNDON**

### SENTENCING MEMORANDUM

Comes now the United States of America, by Meredith George Thomas, Assistant United States Attorney for the Southern District of West Virginia, and files this Sentencing Memorandum, including facts in support of the Motion for Substantial Assistance filed on October 20, 2014.

**I.  Defendant's Role in the Offense**

Defendant S. Herndon was prosecuted as part of an investigation focused on corporate fraud, kickbacks and bribery at Mountain Laurel Mining Complex ("Mountain Laurel"), owned by a subsidiary of Arch Coal, Inc.[1] Mr. S. Herndon was the second information filed in a series of prosecutions, and is being sentenced for structuring transactions to evade the reporting requirement. While employed at Mountain Laurel, Mr. Herndon was the warehouse manager. The general manager at Mountain Laurel, David Runyon, directed certain vendors

---

[1] Related cases include the prosecutions of Gary Roeher, Scott Ellis, Alvis Porter, James Evans, III, Ronald Barnette, David Herndon, Chadwick Lusk, David Runyon and Gary Griffith.

pay him kickbacks for rebuild work. Mr. S. Herndon sometimes served as a conduit for the transfers of these kickbacks between vendors and Runyon. When Mr. S. Herndon left Mountain Laurel, he took an ownership interest with one of the vendors, Tri-State Mine Service, LLC, which was owned by Scott Ellis, and began paying kickbacks to Runyon for rebuild work. Mr. Herndon was involved on both sides of the kickback schemes - taking kickbacks and the providing kickbacks.

To generate the cash to pay these kickbacks, Mr. S. Herndon, along with his business partner Scott Ellis, structured $183,835 between April 1, 2011 and September 30, 2013.

**II. Substantial Assistance**

Mr. Herndon had counsel, attorney Tim DiPiero, the first time he met with members of the prosecution team met at Mr. DiPiero's office. Without delay, Mr. Herndon understood the depth and scope of the investigation at Mountain Laurel and decided to cooperate. He was the second one in the door cooperating relating to the charged fraud schemes at Mountain Laurel, which is reflected in the order in which his Information was filed.

Mr. Herndon provided crucial information regarding illegal activity at Mountain Laurel arising out of the performance of the Mountain Laurel General Manager, David Runyon. Mr. Herndon, while employed at the Mountain Laurel Mining Complex, was essentially the right hand man of General Manager David Runyon, who was the

beneficiary of so many of the related kickback schemes, including the contract labor kickback scheme (with D. Herndon), the miner/bolter rebuild scheme (with R. Barnette), the general rebuild kickback scheme (with Ellis, Carter and S. Herndon), and the construction work kickback scheme (with Porter).

Particularly, Mr. S. Herndon provided information regarding Runyon's role in the multiple kickback schemes from both the inside and the outside, as Mr. S. Herndon both worked at Mountain Laurel while passing along the kickbacks to Runyon and worked as a vendor paying kickbacks to Runyon. Mr. S. Herndon, essentially, put cash in the hand of David Runyon as both an Arch employee and later as a vendor. By providing early and extensive cooperation, the information provided by Mr. S. Herndon was used to help convince Runyon to plead guilty. Mr. S. Herndon also provided information that assisted in the cooperation of Ellis, Alvis Porter, Gary Griffith, James Evans, and Chad Lusk. Furthermore, Mr. S. Herndon helped convince his father, David Herndon, to retain an attorney, come in and cooperate.

This information provided leverage to induce guilty pleas from those individuals. Not only did Mr. S. Herndon's guilty plea avoid the cost of trial, but he also assisted in saving the United States the cost of other trials to prosecute those individuals for their role in the assorted kickback schemes at Mountain Laurel.

3

Other assistance will be detailed under separate cover to the Court.

In sum, Mr. S. Herndon's substantial assistance was thorough, swift, and comprehensive. His quick decision to cooperate assisted in successful resolutions to a number of white-collar criminal investigations that would have taken a large amount of time, records and witnesses to substantiate. In light of the foregoing, the United States recommends a six-level decrease resulting in an advisory adjusted offense level of nine.

**III. 3553(a) Argument**

The nature and circumstances of Mr. S. Herndon's structuring conduct warrant a sentence within the advisory guideline range of adjusted offense level nine. Defendant has certainly cooperated with the United States. Still, defendant's conduct as a vendor at Mountain Laurel, as well as an employee, contributed to the "culture of corruption" that this Court has identified, which extended over a number of years at Mountain Laurel.

Moreover, after witnessing and participating in the the behavior at Mountain Laurel as an Arch employee, Mr. Herndon decided to then move to the vendor side and continue the kickback business practices.  His offense of conviction is directly related to these practices.

                                      Respectfully submitted,

                                      R. BOOTH GOODWIN II
                                      United States Attorney

                  By:

                                      /s/Meredith George Thomas
                                      MEREDITH GEORGE THOMAS
                                      Assistant United States Attorney
                                      WV Bar No.10596
                                      300 Virginia Street, East
                                      Room 4000
                                      Charleston, WV 25301
                                      Telephone:  304-345-2200
                                      Fax:  304-347-5104
                                      Email: meredith.thomas@usdoj.gov

<u>CERTIFICATE OF SERVICE</u>

It is hereby certified that the foregoing "SENTENCING MEMORANDUM" has been electronically filed and service has been made on opposing counsel by virtue of such electronic filing this 20th day of October, 2014, to:

>J. Timothy DiPiero
>DiTrapano Barrett & DiPiero
>604 Virginia Street, East
>Charleston, West Virginia 5301-2184

>/s/Meredith George Thomas
>MEREDITH GEORGE THOMAS
>Assistant United States Attorney
>WV Bar No.10596
>300 Virginia Street, East
>Room 4000
>Charleston, WV 25301
>Telephone: 304-345-2200
>Fax: 304-347-5104
>Email:meredith.thomas@usdoj.gov