IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

**UNITED STATES OF AMERICA**

v.  Case No. 2:14-cr-00110

**STEPHEN B. HERNDON**

## MOTION FOR EARLY TERMINATION OF TERM OF PROBATION

Comes now the defendant Stephen B. Herndon, by his counsel Mary Lou Newberger, and moves this Honorable Court to terminate his term of probation early. In support of this motion Mr. Herndon asserts as follows:

1. His five year term of probation February 3, 2015. As of the date of this filing he has served over twenty-six months of the five year term.

2. Mr. Herndon was subject to a risk assessment, the Risk Prediction Index or RPI by the Bureau of Prisons, which is utilized by the Probation Office to determine the level of services to be provided. By letter dated September 15, 2015, Mr. Herndon was advised that he had been assessed a low risk (letter attached as exhibit A). In fact, this letter also informed him, within the first 6 months of his probation term, that he would file his monthly reports by means of the ERS (electronic reporting system). The letter further informed at that early stage that reporting in person would not normally be required.

1

3. As a result of this low risk designation, his supervision has consisted primarily of monitoring his compliance with probation conditions and responding to changes in his circumstances. *Guide to Judiciary Policy,* Vol 8E, Ch.3, §360.50(c). Because he has been determined to be such low risk to not successfully complete supervision, he receives no *services* from the probation office[1]. Mr. Herndon has been successful in his adjustment to probation and his compliance with the terms of probation.

4. As of April 10, 2017, Mr. Herndon has been on supervised release for more than 18 months, is not a career violent and/or drug offender, sex offender or terrorist; he has no present identified risk to the public or victims; and is free from any moderate or high severity violations. As a result, there is a **presumption** in favor of early termination of his term of his probation. *Guide to Judiciary Policy,* Vol 8E, Ch. 3 §380.10 E(1)(a)-(C)[sic]. There are no actions by Mr. Herndon during the course of his supervision that overcome this presumption in favor of early termination of his release.

5. In further support for this request, Mr. Herndon informs the Court of a change in his personal/family circumstances:

    a. Mr. Herndon's son Chase is now 14 years old. He had taken up archery several years ago under the tutelage of his father.

---

[1] *Guide to Judiciary Policy,* Vol 8E, Ch. 4 §440 sets out the standards for low-intensity supervision. §440(a) states "'Working smart'" means never supervising offenders more intrusively than required by their assessed risks and needs at any given time. . ." The specific actions required for low level supervision follow in §440(b)(1-5). Note that with the possible exception of (5), all of these actions are 'desk work' and can be accomplished without seeing the probationer face-to-face. Further, none of these actions provide affirmative services to Mr. Herndon.

b. In March 2016 Chase won the WV State Archery NASP Championship as a 13 year old.

c. Later in 2016, then age 14, Chase won the 2016 NASP World Championship, which resulted in industry recognition.

d. He also has harvested, with his bow and on film, a possible Pope and Young Black Bear and a Boone and Crockett Whitetail buck.

e. As a result of these events, Chase signed a contract to represent Mathews, Inc., the largest archery manufacturer in the world, as a Mathews Staff Shooter.

f. Chase is also on pro staff with Kinex Systems, Denvers Deer Scents, Spartan Camera, and Scent Crusher. He is also a Hawk Hunting Ambassador. He recently signed to shoot for the Scent Crusher Patriot Team.

g. Chase is moving on in his career and to do that he will need to participate in IBO and ASA sanctioned archery meets. As part of this progression, Chase has moved from archery equipment of which the Probation Office approves as meeting Mr. Herndon's probation term regarding the possession of weapons, to equipment that will not be approved.

h. The unapproved equipment is currently being stored under a friend's home, running the risk that this very expensive and valuable equipment could be stolen. The equipment is being subjected to

temperature changes that could have a negative impact on Chase's performance at meets and sponsors' events.

i. Because of his probation restriction, and the likelihood that Chase's current equipment will not be approved, Mr. Herndon cannot assist his son in training. Further, he cannot possess or transport the archery equipment to and from events or training. This will have a negative impact on Chase's career. It also has a negative impact on Mr. Herndon and Chase's father/son relationship, as someone else will have to assume the roles Mr. Herndon cannot perform.

**WHEREFORE**, in light of Mr. Herndon having reached the presumptive time to terminate his probation early, and in light of the needs of his minor son, Mr. Herndon respectfully asks this Court to now terminate his term of probation.

STEPHEN B. HERNDON
By Counsel

**s/ Mary Lou Newberger**
**Mary Lou Newberger, WV Bar No. 2721**
**Attorney for Defendant**
**PO Box 75342**
**Charleston, WV 25301**
**Telephone: (304) 552-8079**
**E-mail: mlnewbergerlaw@gmail.com**

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

**UNITED STATES OF AMERICA**

v.  Case No. 2:14-cr-0110

**STEPHEN B. HERNDON**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing **MOTION FOR EARLY TERMINATION OF TERM OF PROBATION** has been electronically filed with the Clerk of Court this date using the CM/ECF system and served upon opposing counsel as follows:

> **VIA CM/ECF:** Meredith Thomas
> Assistant United States Attorney
> United States Courthouse, Room 4000
> 300 Virginia Street East
> Charleston, West Virginia 25301

**DATE:** April 10, 2017

> s/ Mary Lou Newberger
> **Mary Lou Newberger, WV Bar No 2721**
> **Attorney for Defendant**
> PO Box 75342
> Charleston, WV  25375
> Telephone: (304) 552-8079
> E-mail:  mlnewbergerlaw@gmail.com